CROWN COACH COMPANY *v.* ARK. PUBLIC SERVICE COMM.

5-1549                                          316 S. W. 2d 819

Opinion delivered October 6, 1958.

[Rehearing denied November 10, 1958]

*L. M. Crouch, Jr.*, Harrisonville, Mo., and *Thomas Harper* for Crown Coach Company; *Milton McLees* and *Wright, Harrison, Lindsey & Upton* for Inter City Transit Company; *Mehaffy, Smith & Williams*, by R. Ben Allen; *John G. Rye* and *Scurry, Scurry, Pace & Wood*, Dallas, Texas, for Midwest Buslines, Inc.

GEORGE ROSE SMITH, J. This case is closely related to the proceedings considered in *Mo. Pac. Transp. Co.* v. *Inter City Transit Co.*, 216 Ark. 95, 224 S. W. 2d 372. It will be convenient to review the earlier case briefly before coming to the facts in the present proceeding.

In 1948 Inter City Transit Company, which was then operating a bus service between Little Rock and Morrilton, applied for a certificate of convenience and necessity authorizing it to operate between Little Rock

and Fort Smith over highways 64 and 65 and between Russellville and Fort Smith over highways 7 and 22. That application was resisted by Missouri Pacific Transportation Company, which operated bus lines over both routes covered by Inter City's application, and by Crown Coach Company, whose bus service between Little Rock and Fort Smith used a parallel route along highways 10 and 71.

The proof in the earlier case showed that there was undoubtedly a need for additional intermediate or local bus service between the various cities and towns lying between Little Rock and Fort Smith on highways 22, 64, and 65. It was not shown, however, that there was any public need for additional bus service for through traffic between Fort Smith and Little Rock or North Little Rock or between Alma and Little Rock. It was accordingly held in the earlier case that Inter City's application should be granted subject to certain restrictions, the principal ones being that Inter City would not be allowed to handle through traffic between the terminal points that we have just mentioned.

This arrangement continued in force until the present proceeding was begun in 1956. In September of that year Missouri Pacific (which has since become Midwest Buslines, Inc.) discontinued its bus service between Fort Smith and Russellville along highways 7 and 22, on the south side of the Arkansas River, and reduced from five to two its daily schedules between Fort Smith and Little Rock along highways 64 and 65, on the north side of the river. Inter City at once filed the present application, asking the Public Service Commission to remove the restrictions imposed in the 1948 proceeding and thus to permit Inter City to provide a through bus service between Fort Smith and Little Rock-North Little Rock and between Alma and Little Rock.

After an extended hearing the Commission, by a two-to-one vote of its members, granted Inter City's request that the restrictions be lifted. On appeal the circuit court affirmed the Commission's order with respect

to Inter City's service between Fort Smith and Little Rock by way of Dardanelle, on the south side of the river; but the court held the evidence insufficient to support the application with respect to the other Little Rock-Fort Smith route, by way of Clarksville, on the north side of the river. Crown and Midwest have appealed from that part of the judgment that affirms the order of the Commission, and Inter City has cross appealed from that part of the judgment that reverses the order of the Commission.

In our opinion the case turns solely upon Inter City's failure to sustain the burden of proving that the public convenience and necessity require the removal of the restrictions complained of. There is no doubt—indeed, it is conceded—that the burden of proof rested on Inter City, which was in effect applying for an extension of its certificate. *Boyd* v. *Ark. Motor Freight Lines, Inc.,* 222 Ark. 599, 262 S. W. 2d 282.

In a case of this kind we review the evidence *de novo*. *Wisinger* v. *Stewart,* 215 Ark. 827, 223 S. W. 2d 604. We find that Inter City, to support its application, introduced the testimony of about seventy-five witnesses. Only a handful of these persons, however, touched upon the point at issue: the need for added through service between the terminals designated in the challenged restrictions. Nearly all of Inter City's witnesses confined their testimony to the need for local service between intermediate points along the Little Rock Fort Smith routes and to the excellence of the local service being rendered by Inter City. This testimony must all be laid aside as irrelevant, for Inter City already had the authority and the duty to provide that local service. That service is not involved in the present application to remove the limitations upon Inter City's carriage of through traffic.

Only six of Inter City's witnesses can be said to have given pertinent testimony. Two Little Rock ladies testified that, after the Commission had removed the restrictions by a temporary order, they had occasion to

travel by bus to Fort Smith and found that, among the services available, one of Inter City's buses was conveniently scheduled to put them in Fort Smith for a meeting at three o'clock in the afternoon. Two Catholic nuns stationed at a school in Fort Smith testified in a general way that their pupils from Little Rock and North Little Rock needed and used through bus service, but they did not know the number of students involved and did not say that the service being provided by other carriers was inadequate. And two witnesses who had sold tickets for Inter City stated that they had received requests for through passage from Fort Smith to Little Rock. We attach no weight to the latter testimony, as it is doubtless true that ticket agents for bus lines and railroad companies often receive inquiries about transportation to cities that are not served by the carrier in question. Such inquiries do not tend to show that the service available elsewhere is inadequate.

This scant testimony does not establish the fact that the convenience of the public, as distinguished from that of a few individuals, requires that this application be granted. *Santee* v. *Brady,* 209 Ark. 224, 189 S. W. 2d 907. There is a complete absence of proof with respect to several facts that would seem to be of importance in a case of this kind, such as the volume of through traffic from Little Rock to Fort Smith, the adequacy of the seating capacity being provided by other common carriers, the financial interdependence, if any, between Inter City's local service and the proposed through service, etc.

In its brief Inter City relies chiefly, as did the majority of the Commission, on the fact that Missouri Pacific discontinued its service south of the river and curtailed that on the northern route. This bare fact does not satisfy Inter City's burden of proof, nor does it demonstrate that the public convenience and necessity demand that the service be brought to its former level by another carrier. In the absence of evidence it may equally well be supposed that Missouri Pacific's voluntary re-

duction of its schedules indicates that the public demand is insufficient to support the former service as a profitable operation. Too, it appears that the Missouri Pacific certificate, now held by Midwest, is still in effect, so that this carrier is in a position to restore its original schedules between the terminal points in dispute.

Further, the public interest as a whole requires that the peculiar relative positions of Crown and of Inter City be given consideration. Inter City's alternate routes from Little Rock to Fort Smith pass through a comparatively well-populated area; the total population of the communities along each route is shown to exceed 80,000. By contrast, the Crown buses travel along sparsely settled highway 10, where the total comparative population is less than 8,000. These figures indicate that Crown can expect less than a tenth of the intermediate traffic revenues that are available to Inter City. It follows, of course, that the income from through traffic is by comparison essential to the existence of the Crown bus service, while in the case of Inter City that income represents merely an added profit in the operation of buses that are, as far as this record shows, already being supported by intermediate traffic. Crown's service is shown by the proof to be needed, rapid, and efficient. These considerations, taken in conjunction with the dearth of evidence that the public convenience and necessity require the granting of this application, convince us that Inter City failed to sustain the burden of proving its case.

The circuit court's judgment is reversed on direct appeal and affirmed on cross appeal, and the cause is remanded, through that court, to the Commission, with instructions that the application be denied.

HARRIS, C. J., and MILLWEE, J., would affirm the judgment of the circuit court. HOLT, J., would reinstate the decision of the Commission.